## ESTATES OF JOHN AND JOHANNA CRONIN.

### Nos. 4701 and 5128—Dec. 31, 1879.

DISTRIBUTION, WHERE HEIR OR DEVISEE DIES PENDING ADMINISTRATION; AND THE ESTATE OF SUCH HEIR OR DEVISEE IS UNSETTLED AT THE TIME OF DISTRIBUTION.— An executor or administrator is not a proper person to receive title and transmit the same. His duty and connection with estate lies simply in its administration for the payment of the debts. He cannot, therefore, properly be made a distributee of another estate. The true course should be to administer the estate of the heir or devisee, and distribute the interest which such decedent may have in the former estate to the proper parties, who may, when thus armed with their decree, apply for the share to which they may thereby be entitled in the estate of the first decedent as representing an heir or devisee thereof.

Construing sections, C. C. P., 1665-6-7.

WILL.—DISTRIBUTION.—SURVIVOR.—DEVISE to two beneficiaries and to the survivor in case either died before distribution.

Testatrix devised all her estate to her two daughters, share and share alike, with the provision that in case of the death of either before distribution, the survivor should take the whole estate. One daughter made a conveyance of her estate to a stranger and died before distribution.

HELD, that the surviving daughter took the entire estate to the exclusion of grantee of deceased daughter.

Construing section, C. C., 1345.

*W. A. Plunkett*, for executors of both estates.

*J. M. Burnett*, for devisees of Johanna Cronin.

John Cronin died testate April 1, 1872, seized of real estate, and administration is now pending. A portion of the estate was devised to his wife, Johanna Cronin, who has since died testate, and administration of her estate is also pending. Both estates are ready for distribution. The direction of the Court is asked as to the proper mode of distribution; that is, whether the interest of the estate of Johanna Cronin in the estate of John Cronin, acquired by her through the will of her husband, should be distributed, in the distribution of the estate of John Cronin, to the executor of the will of Johanna Cronin, or to the devisees named in the will of Johanna Cronin.

By the COURT: It is not the province of an executor or administrator to take title on distribution; he administers upon the title of the testate or intestate, and the object of his administration is to pay the debts and ascertain who is entitled to the surplus. The proper course to pursue in these cases is, to close the estate of Johanna Cronin, by having distribution of her estate, including her interest in the estate of John Cronin, to her devisees, and then let those devisees go with the decree of distribution to the estate of John Cronin, and apply to have the interest of Johanna Cronin in the estate of John Cronin distributed to them as successors in interest of Johanna Cronin as found in the decree of distribution of her estate.*

The same principles would apply, as well to the estates of intestates as of testates.

---

* This course was pursued, and thus both estates were disposed of.

*Wm. A. Plunkett,* for Mary Cronin.

*John M. Burnett* and *C. F. McC. Delaney,* for Mary H. Daley, grantee of devisee.

John Cronin, by his will, devised and bequeathed all of his property, real and personal, to his wife, Johanna Cronin, for her sole use and benefit while she remained unmarried; but in the event of her marriage, the estate was to go to his wife, Johanna Cronin, and his daughters, Julia and Mary Cronin, equally—one-third to each; and in case of the death of either of said daughters, while his wife remained unmarried, the share of the daughter so dying was to be equally divided between his wife and the surviving daughter; but if the death of the daughter should occur after his wife's marriage, then the share of the daughter dying was to go to the surviving daughter.

Johanna Cronin died on the second day of October, A.D. 1872, leaving her surviving her two daughters, Julia and Mary Cronin. By her will, she devised and bequeathed all of her property to her two daughters, Julia and Mary Cronin, share and share alike. And in case of the death of either daughter before the distribution of the estate, the share of the daughter so dying was to go to the surviving daughter.

Julia Cronin died before the distribution of the estate. Previous to her death, to wit: on the twenty-second day of November, A.D. 1876, she made what was intended by her as a conveyance of all of her interest in the estate to one Mary L. Daly.

The surviving daughter, Mary Cronin, then made application for the distribution of the whole estate to her as the only person entitled to the same under the will. This application was contested by Mary Daly, grantee of deceased daughter, who claimed that she was entitled, under the conveyance above mentioned, to the share of said Julia Cronin, deceased.

By the COURT: The deceased daughter having died before distribution, the surviving daughter took all the estate of both John and Johanna, under the will, to the exclusion of the grantee of deceased daughter.